### No. 2217

### Second Circuit Appeal

### J. G. SANDERS v. FRANK VARINO

(May 9, 1925, Opinion and Decree.)

(*Syllabus by the Editor.*)

1. Louisiana Digest—Municipalities—Par. 225. Automobiles—Par. 4.

In a collision between a truck and an auto, where the truck was speeding and collided with the auto at a street intersection, the truck driver was negligent and responsible for the damages, the driver of the auto not being contibutorily negligent.

Appeal from Sixth Judicial District Court of Louisiana, Parish of Ouachita, Hon. Fred. M. Odom, Judge.

This is a suit for damages to an automobile due to a collision with a truck.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Hudson, Potts, Bernstein & Sholars, of Monroe, attorneys for plaintifff, appellee.

Stubbs, Theus, Grisham & Thompson, and A. Wolf, of Monroe, attorneys for defendant, appellant.

CARVER, J. Defendant appealed from a judgment awarding plaintiff $1200.00 damages for injuries to his Dodge sedan automobile, which was struck by a Ford delivery truck belonging to defendant and driven by his son, and employee, Tony Varino.

The accident occurred on a bright, dry, day in August, 1922, at about 4:30 o'clock, p. m. at the intersection of Pine and Third streets in Monroe.

Neither of these streets was then a "right-of-way" street, wherefore the rights of all automobile drivers thereon were equal.

A city ordinance limited the speed of automobiles in the fire district to ten miles an hour and outside the fire district to fifteen miles an hour. The proof does not show whether the intersection of Pine and Third streets is within or without the fire district.

Plaintiff was on the north side, which was the proper side, of Pine street going west at a moderate rate of speed. On approaching Third street, at a distance of about twenty-five feet therefrom, plaintiff says he looked up and down Third street being able to see in the direction from which Varino was coming about half a block, and seeing no car near enough to menace him, proceeded to cross Third street; and that when about the middle of same he was run into by defendant's truck which was being driven by Tony Varino, on Third street going north at a rapid and excessive rate of speed. The body of the car was demolished beyond possibility of repair and there were some other injuries inflicted on it.

The proof shows that a new body would cost $1200.00.

Plaintiff testifies that when he got about to the sidewalk of Third street on Pine he saw a black streak out of the corner of his eye—this being the Varino truck and that he was too close to Third street to escape a collision by stopping so he

accelerated his speed in the hope of getting far enough across Third street to escape.

The proof shows that when Varino was something like 100 feet from the intersection he blew his horn. Varino applied his brakes when about 22 feet from the Sanders car but skidded that distance when he struck it and knocked or pushed it over and then skidded a few feet beyond.

Some effort was made to prove that Varino's car was only going about 15 or 18 miles an hour; but the testimony shows that a car driven at that speed, with efficient brakes, the street being dry, as was Third street on that day, could have been stopped in much less than 20 feet.

We are convinced, therefore, that he was driving at a much greater rate of speed than 15 miles an hour, and that this was the proximate cause of the collision. It was not sufficient for him to blow his horn as a warning, trusting to plaintiff, whose rights were equal to his own, to get out of his way.

The proof does not show, in our opinion, any negligence on the part of plaintiff. He was not obliged to stop before entering Third street, and did all that prudence demanded in looking up and down Third street and making sure that the crossing was clear before attempting to make it. When the danger became apparent, too, he seems to have done the prudent thing in speeding up his automobile, which seemed to afford the only chance of escape.

There is no dispute as to the cost of a new body or as to the necessity therefor.

An exception of no cause of action was filed by defendant and referred to the merits.

We are not informed as to the ground of this exception which, in our opinion, is without merit.

The petition states that the damage was done setting forth the amount thereof, and that it was caused by the reckless driving and excessive speed of the Ford truck, and that plaintiff was careful and free from negligence.

This constitutes, we think, a cause of action.

The judgment of the lower court is therefore affirmed.

Odom, Judge recused.